**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:20-CV-00057-HBB**

**ANGELA WOOD**                                                                                                            **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                                            **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

BACKGROUND

Before the Court is the complaint (DN 1) of Angela Wood ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Plaintiff (DN 16) and Defendant (DN 22) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **REVERSED**, and this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for further proceedings.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). By Order entered October 29, 2020 (DN 15), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits on December 21, 2016 (Tr. 11, 257-59, 260-66, 267-74). Plaintiff alleges to have become disabled on August 30, 2016, as a result of spinal stenosis, lower back pain, high cholesterol, bulging disc, and arthritis (Tr. 11, 125, 139, 155, 169). These claims were initially denied on February 7, 2017, and the denial of the claims were affirmed upon reconsideration on May 2, 2017 (Tr. 11, 136-37, 150-51, 167, 181). Administrative Law Judge Lisa R. Hall ("ALJ") conducted a video hearing from Paducah, Kentucky on August 16, 2018 (Tr. 11, 102). Virtually present at the hearing from Owensboro, Kentucky was Plaintiff and her attorney Sara Martin Diaz (Id.). No vocational expert testified during the hearing.

At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2016, the alleged onset date (Tr. 14). At the second step, the ALJ determined Plaintiff has the following severe impairments: degenerative disc disease and myalgia (Id.). The ALJ also found Plaintiff's major depressive disorder and cardiac disease to be nonsevere (Tr. 14-15). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Appendix 1 (Tr. 15).

At the fourth step, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except for the following limitations: Plaintiff is limited to lifting or carrying up to twenty pounds occasionally and lifting or carrying ten pounds frequently, as well as pushing and pulling as much as she can lift or carry; Plaintiff is limited to sitting, standing, or walking for approximately six hours per

eight hour workday; Plaintiff can occasionally climb ladders; and Plaintiff must avoid concentrated exposure to vibration and hazards (Tr. 16). The ALJ found Plaintiff is unable to perform any past relevant work (Tr. 18). After this finding, the ALJ also considered Plaintiff's RFC, age, education, and past work experience to find that Plaintiff is able to perform other jobs that exist in the national economy in significant numbers (Tr. 19). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, since August 30, 2016, the alleged onset date (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 256). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

## Clear Error

At the forefront, the Court will begin with Plaintiff's repeated use of the "clear error" standard in her argument (*see e.g.* DN 16-1 PageID 1231, 1235, 1238, 1244, 1250-51). The "clear error" standard applies when a district judge reviews a magistrate judge's report and recommendation to which no timely objection has been filed. *See* FED. R. CIV. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); Mitchum v. Saul, No. 2:19-CV-02533-JPM-dkv, 2020 WL 1493482, at *1 (W.D. Tenn. March 27, 2020); Samona v. Comm'r of Soc. Sec., No. 15-CV-11713, 2018 WL 2159893, at *1 (E.D. Mich. May 10, 2018). The "clear error" standard also applies when a party moves a district court to alter or amend its judgment under FED. R. CIV. P. 59(e). *See* Moore v Berryhill, No. 4:17-CV-00091-HBB, 2018 WL 2197974, at *1 (W.D. Ky. May 14, 2018). Neither situation exists here.

Instead, Plaintiff is utilizing the "clear error" standard in her challenge of the final decision of the Commissioner. But the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence" and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)). Thus, the Court declines Plaintiff's invitation to apply the "clear error" standard.

Challenge to the ALJ's Non-Use of a Vocational Expert

1. Arguments of the Parties

Plaintiff argues that the ALJ erred when assessing whether a significant number of jobs exist in the national economy that Plaintiff may do, when the determination was made without the assistance or testimony of a vocational expert (DN 16-1 PageID 1231). In a situation where a claimant's RFC could fall into more than one category of exertional levels, then an Administrative Law Judge may consult with a vocational expert and their "specialized knowledge" (Id. at PageID 1232) (citing Blackburn v. Comm'r of Soc. Sec., 748 F. App'x 45 (6th Cir. 2018)). However, "when a claimant has a combination of exertional and non-exertional limitations or restrictions and an [Administrative Law Judge] does not have a clear understanding of the effects of the additional limitations on the job base, the services of a Vocational Specialist will be necessary" (Id. citing Social Security Regulation ("SSR") 83-14). Plaintiff argues that the ALJ found a combination of exertional and non-exertional limitations, but the ALJ did not consult with a vocational expert in reaching the ultimate determination (Id. at PageID 1232-33). "The ALJ, without pointing to any record evidence, made the conclusory statement that, 'the additional limitations have little or no effect on the occupational based of unskilled light work'" (Id. at

PageID 1233) (citing Tr. 16).  Plaintiff contends that "[t]his is inconsistent with Agency policy . . ." (Id.).  Further, "[t]he ALJ cited to Agency policy numerous times at step five but did not once reference individualized evidence[, and thus, . . .] [t]he ALJ clearly failed to rely on any evidence showing that [Plaintiff] specifically had jobs available in the national economy.  Instead, the ALJ made broad and conclusory statements that an individual with somewhat similar limitations would not have additional limitations for jobs at the light level" (Id. at PageID 1233-34)

In contrast, Defendant claims that the ALJ was able to appropriately determine that Plaintiff was able to perform other jobs in the national economy without obtaining testimony from a vocational expert, even with the ALJ finding that the nonexertional limitations had little to no effect on the unskilled light occupational base (DN 22 PageID 1289).  Defendant explained:

> [I]f Plaintiff had the RFC to perform the full range of light work considering Plaintiff's vocational profile, a finding of "not disabled" would be directed by Medical Vocation Rule 202.14.  However, the ALJ then went on to find that "the additional limitations have little or no effect on the occupational base of unskilled light work."  The ALJ noted "a finding of 'not disabled' is therefore appropriate under the framework of Rule 202.14."

(Id.) (internal citations omitted).  As for SSR 83-14, by the ALJ finding little effect on the range of work, then "the conclusion . . . would not be affected" (Id.).  Additionally, Defendant contends that "[t]he ALJ was not required to explicitly reference other 'individualized evidence' in step five" (Id. at PageID 1290).  Instead, the ALJ appropriately relied upon SSR 83-14, and "it was reasonable for the ALJ to find that . . . Plaintiff's limitations . . . would have little or no effect on the occupational base for light work" (Id.).  Ultimately, the Commissioner argues the determination is supported by substantial evidence

2. Discussion

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the local, regional, and national economies that the claimant can perform, given her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's age, education, previous work experience, and RFC coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the medical-vocational guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Moon, 923 F.2d at 1181. However, if a claimant's age, education, previous work experience, and RFC do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. §§ 404.1566(e), 416.966(e); Born, 923 F.2d at 1174; Hurt v. Sec'y of Health & Human Servs., 816 F.2d 1141, 1143 (6th Cir. 1987) ("[I]f the characteristics of the claimant do not identically match the description in the grid, [then] the grid is used only as a guide to disability determination."); Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983)[1]. For example, if the claimant suffers from an exertional and a

---

[1] Consistent with the regulations and case law, HALLEX I-2-5-50(A), in the pertinent part, states that an Administrative Law Judge may determine that a vocational expert's testimony is necessary when the Administrative Law Judge cannot decide the case under the GRID tables of Appendix 2 for the following reasons:

non-exertional impairment, then the Grids may be used only as a framework to provide guidance for decision making. 20 C.F.R. §§ 404.1569a(d), 416.969a(d); 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); Abbot v. Sullivan, 905 F.2d 918, 926-27 (6th Cir. 1990); Cole v. Sec'y of Health & Human Servs., 820 F.2d 768, 771 (6th Cir. 1987); Kirk, 667 F.2d at 528-529. The Commissioner may also meet this burden by relying on expert vocational testimony received during the hearing to determine what jobs exist in significant numbers in the economy which plaintiff can perform considering the combination of his/her limitations. See Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Davis v. Sec'y of Health & Human Servs., 915 F.2d 186, 189 (6th Cir. 1990); Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987).

In the present case, the ALJ's analysis and discussion of whether jobs exist in the national economy that Plaintiff can perform is devoid of any facts pertaining to Plaintiff (Tr. 19). Instead, the ALJ's step five determination cites to four Social Security Rulings and the Medical-Vocational Rules (Id.). The record reads as a rule statement setting up a comprehensive analysis which will bridge the applicable law and facts, but the ALJ failed to provide such an analysis. At most, the ALJ's "analysis" regarding Plaintiff is comprised of two individual, conclusory statements: 1) "However, the additional limitations have little or no effect on the occupational base of unskilled light work[;]" and 2) "Therefore, the nonexertional limitations would not significantly

---

- The claimant's residual functional capacity falls between two exertional levels . . .;
- The claimant has solely nonexertional limitations; or
- The claimant has a combination of exertional and nonexertional limitations.

HALLEX I-2-5-50(A).

affect the potential light occupational base . . . ." (Id.). While the ALJ states, "If the claimant had the residual functional capacity to perform the full range of light work, considering the claimant's age, education, and work experience, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.14[,]" the ALJ does not adequately discuss the limitations imposed and how they would purportedly not have any effect on the occupational base (Tr. 19). Further, the ALJ correctly quotes SSR 83-14 by asserting that "[r]elatively few jobs in the national economy require ascending or descending ladders and scaffolding" (Id.). However, the ALJ did not adequately explain or analogize the resemblance between Plaintiff's limitation to avoid vibrations and hazards, compared to the nonexertional, environmental restrictions discussed in SSR 83-14.

Therefore, the ALJ has not provided a sufficient explanation for the Court to determine the basis for her unfavorable finding about national job availability at step five. "An ALJ's finding is not adequately supported if 'the reasons given by the [ALJ] do not build an accurate and logical bridge between the evidence and the result.'" Young v. Saul, No. 5:19-CV-00169-LLK, 2020 U.S. Dist. LEXIS 149397, at *6 (W.D. Ky. Aug. 18., 2020) (quoting Mobley v. Comm'r of Soc. Sec., No. 1:19-CV-02777, 2020 U.S. Dist. LEXIS 131041, at *10 (N.D. Ohio July 24, 2020). This Court is unable to determine whether any alleged errors were harmful or harmless, as the analysis provided does not sufficiently allow this Court to conduct a "meaningful review[.]" Wilson v. Comm'r, 378 F.3d 541, 544 (6th Cir. 2004) (ALJ's findings must be sufficient to "permit meaningful review"). Thus, the undersigned will vacate the final decision of the Commissioner.

Remand

"A district court's authority to remand a case . . . is found in 42 U.S.C. § 405(g) . . ." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006). The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence six-remand)." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under sentence four, the Court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and remands the case to the Commissioner with instructions to consider additional evidence and/or conduct additional proceedings to remedy a defect in the original proceedings. Id. at 175.

For the reasons discussed above, the undersigned remands the present case pursuant to sentence four of 42 U.S.C. § 405(g). The ALJ's determination was not supported by substantial evidence and should be remanded to cure the defect in the step five analysis.

Considering the conclusion reached above, the Court declines to address Plaintiff's other challenges to the final decision of the Commissioner.

11

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings.

Copies:   Counsel of Record